DOHERTY v. The CAROLINE E. KELLY. See Case No. 2,422.

## Case No. 3,963.

### DOHERTY v. HAYNES.

[4 Cliff. 291;[1] 1 Ban. & A. 289; 6 O. G. 118.]

Circuit Court, D. Massachusetts. May Term, 1874.

PATENTS—NOVELTY AND USEFULNESS — PRESUMPTION FROM GRANT OF PATENT—SUIT ON REISSUE —BURDEN OF PROOF.

1. An alleged invention, in order to be patentable, must be new and useful, but if useful only in a small degree, it is unusual for the court to reverse the decision of the patent office in issuing the patent.

2. When, as a defence to a reissue patent, it is set up that the reissue covers more than was embraced in the original, the respondent must introduce in evidence the original to support the allegation.

3. Otherwise it will be assumed that the invention described in the reissue patent is the same as that secured by the original.

4. The respondent must overcome by proofs the prima facie presumption afforded by the complainant's patent, that the patentee was the original and first inventor of what is therein described as his improvement.

Bill in equity [by Lucy A. Doherty] to restrain the respondent [James G. Haynes] from infringement of certain letters-patent [No. 38,519] upon table trays or waiters.

The nature of the complainant's invention was described as consisting,—

1. In producing a waiter, or tray, with a lip, or its equivalent, to project down from one edge and below the bottom of the tray, such lip, when the waiter is placed on a table, being to rest against one edge of it so as to prevent the waiter from being accidentally pushed forward on the table by a person, while pressing against that edge of the waiter which is next adjacent to the lip.

2. In the waiter, or tray, as formed without any rim to project upward from the rear edge of its bottom, the rim being extended from the other edges of the bottom.

The part of the bottom on which there is no rim may be either curved or straight, but as a general thing it is preferred to curve it, in order that it may better fit to a round table top, and the lip better abut against the edge thereof, when the tray may be in use, than

[1] [Reported by William Henry Clifford, Esq., and here reprinted by permission.]

would be the case were the said part to be straight.

The claims were,—

A table-waiter, or tray, as made or provided with the lip C, or its equivalent, applied to and projecting down from its rear part, such lip being for the purpose specified.

Also, a table-waiter or tray, as made with the rim extending partially around it and above its bottom, in manner substantially as specified.

Also, a table-waiter, or tray, as having not only a rim extending partially around and above its bottom, as set forth, but with a lip, or its equivalent, extended down from its rear edge, the whole being substantially as explained.

The respondent claimed the right to manufacture trays under a patent to A. Turner, granted subsequent to that of complainant. The description and claims were substantially as follows:—

Table-trays for children have before been made with the side and back edges turned up, and the front edge turned down, to take hold against the edge of the table.

With this character of tray there is nothing to retain water or other liquid that may be spilled on the tray by the child, but the same is very likely to run off and wet the child's clothes, or the hanging portion of the table cloth, or drop on the floor.

My invention is to obviate these difficulties; and consists in a child's tray, in which all the sides are turned up, so as to retain any liquid substance that may be spilled upon such tray, thereby preventing the child's clothes becoming wet, or damage ensuing from the upsetting of a mug of tea or other drink; and I prevent the tray sliding upon the table, by means of stop-legs, that are fastened to the front edge of the tray.

Claim.—The child's table-tray, formed with the rims b b and c, higher than the rim d, in combination with the stop-legs e, attached at the front edge of the tray, and as for the purposes set forth.

Other matters of defence are sufficiently explained in the opinion.

A. A. Ranney, for complainant.
C. D. Wright, for respondent.

CLIFFORD, Circuit Justice. Letters-patent were granted to Nathaniel Waterman on the 12th of May, 1863, for an invention consisting of an improved table-tray, or waiter, as fully described in the specification, and the record shows that the original letters-patent were subsequently surrendered and reissued as alleged in the bill of complaint, and that the complainant is the sole owner of the described invention, as secured in the reissued patent on which the suit is founded. Discussion of the title of the complainant is unnecessary, as it was not controverted in argument, nor is it necessary to refer with much particularity to any other of the allegations of the bill of complaint, ex-

cept to say that the respondent is formally charged with infringing the patented invention, and that the complainant prays for an account and for an injunction. Various defences are set up in the answer, of which the following are the only ones which require to be noticed:—

1. That the invention is not patentable.

2. That the person named in the original patent as the patentee was not the original and first inventor of the improvement.

3. That the reissued letters-patent were fraudulently obtained in violation of the rights of the respondent. and that the patent as reissued "covers more than was contained" in the original patent.

Obviously the first two defences involve mere questions of fact, which in view of the record, do not require much discussion. Such an improvement, in order that it may be patentable, must be new and useful; but if it be useful even in a small degree, it is not usual for the court to reverse the decision of the patent office in that regard. Applying that rule to the case, the court is of the opinion that the first defence is not sustained, as the new form of the device may be quite convenient in the use for which it is designed; no direct proof having been introduced to support the allegations of the answer. Curt. Pat. § 29; Lowell v. Lewis [Case No. 8,568].

In examining the second question it must be assumed that the invention described in the reissued patent is the same as that secured by the original patent, especially as the original patent is not given in evidence by either party. Tested by that rule, it is quite clear that the second defence must also be overruled for two reasons:—

1. Because the letters-patent set forth in the bill of complaint afford a prima facie presumption that the original patentee was the original and first inventor of what is therein described as his improvement.

2. Because the proofs introduced by the respondent to overcome that presumption, and to prove the allegation of the answer, are wholly insufficient for that purpose.

Attempt was made to show that the Seller device is of prior date; but it will be sufficient to say that the proofs are not sufficient to support the proposition. Enough has already been remarked to show that the third defence cannot be sustained, as there is no proof to sustain the charge of fraud; and the second ground assumed is not open to the respondent in this case, as the original letters-patent were not introduced in evidence. Whenever a party desires to set up the defence that a reissued patent is not for the same invention as the original, he must introduce the latter in evidence, as the question is one of law, depending upon the comparison of the two instruments. Seymour v. Osborne, 11 Wall. [78 U. S.] 546. Consequently the third defence must also be overruled, and the complainant is entitled to a decree for account, and for an injunction.